Filed 7/20/23  P. v. Radloff CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMIE RADLOFF,<br><br>    Defendant and Appellant. | D080082<br><br><br>(Super. Ct. No. SCN370158) |

APPEAL from an order of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

Following her 2019 first degree murder conviction and the subsequent denial of her direct appeal in January 2021, in May 2021, Jamie Radloff filed

a petition for resentencing under former Penal Code section 1170.95 (now section 1172.6).[1] The prosecutor filed a response, and the court eventually appointed Radloff counsel shortly before a hearing on the matter, at which Radloff's attorney appeared. However, the court did not give Radloff an opportunity to file a brief responding to the prosecutor. The court denied the resentencing petition, concluding Radloff was not eligible for relief because she was convicted after section 1172.6 became effective.

Radloff appeals, contending the court erred by waiting to appoint counsel and by denying her petition without offering the opportunity to respond to the prosecution. The Attorney General concedes the court erred by making its decision without the benefit of briefing but contends the error was harmless. We agree with the Attorney General, and we affirm.

BACKGROUND AND PROCEDURAL FACTS

The details of the crime are not essential to our analysis. A summary of them can be found in our opinion on Radloff's direct appeal. (*People v. Radloff* (Jan. 27, 2021, D075891 [unpub. opn.].)

At trial, the court provided a felony murder jury instruction that included the factors discussed in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). The instructions also explained that "[a] person acts with reckless indifference to human life when he or she knowingly engages in criminal activity that he or she knows involves a grave risk of death. This requires the person to actually know that under the circumstances the crime in which he or she is participating carries a higher probability of death than normally attends to the commission of such

---

[1] All statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was recodified without substantive change in section 1172.6, pursuant to Assembly Bill No. 200 (2021-2022 Reg Session). (See Stats. 2022, ch. 58, § 10.) We refer to the current codification throughout this opinion.

2

crime. [¶] Mere knowledge that an alleged co-participant in the crime is armed and the anticipation that lethal force might be used to accomplish the robbery is not sufficient by itself to prove beyond a reasonable doubt that the defendant knew the alleged conduct involved a grave risk of death."

The jury convicted Radloff of first degree murder (§ 187, subd. (a)(1)) and robbery (§ 211) in April 2019. It also made a finding that she was vicariously armed with a firearm. (§ 12022, subd. (a)(1).)

Radloff appealed the conviction, and we affirmed the judgment in January 2021. (*People v. Radloff*, *supra*, D075891.)

In May 2021, Radloff filed a petition for resentencing under section 1172.6. She served the district attorney with the petition, and the People filed an initial response to the petition in July. By September, Radloff had not received confirmation that her petition was received. So, in November, Radloff filed a petition to vacate her petition and request appointment of counsel.

On January 28, 2022, the court assigned an attorney and set a hearing for February 10, 2022 to address Radloff's petition. Radloff's attorney appeared at the hearing.

The court explained it had prepared an order several months earlier denying the petition, but it did not sign the order. The court said, "[A]s far as I'm concerned, this petition is not valid because she was not a person that was tried under the old law. She was tried under the current statute, and the new elements for felony murder were applied to her case and instructed to the jury. And they did find her guilty of murder." It said that for those reasons, it would file the order denying the request, and it offered to hear from the attorneys.

3

Radloff's attorney told the court that after Radloff's trial there was a change in the law because the Supreme Court decision in *In re Scoggins* (2020) 9 Cal.5th 667 "interpret[ed] *Clark* and the elements needed to prove reckless indifference to human life." Radloff's counsel also asked the court if the order was being dated that day, and the court confirmed it was, even though it "probably" completed the order within two weeks of receiving it.

The court denied the petition. Radloff filed a timely notice of appeal.

DISCUSSION

A. Legal Principles

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) amended Penal Code section 188, which defines malice, and section 189, which defines degrees of murder. (Stats. 2018, ch. 1015, §§ 2 & 3.) Amended section 189 states: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] [or] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Senate Bill 1437 also established resentencing relief for eligible defendants. (§ 1172.6, subd. (a); *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*).) Under section 1172.6, subdivision (a), "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition" with the sentencing court to have

4

his or her murder conviction vacated and to be resentenced on any remaining counts "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019" under Senate Bill 1437.

After receiving a petition containing the required information, "the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' " (*Strong*, *supra*, 13 Cal.5th at p. 708, citing § 1172.6, subd. (c).) "[P]etitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition." (*People v. Lewis* (2021) 11 Cal.5th 952, 963 (*Lewis*).) The prosecutor then files and serves a response within 60 days of service of the petition, and the petitioner may respond within 30 days of the prosecutor serving the response. (*Lewis*, at p. 964; § 1172.6, subd. (c).) "[T]he court reviews the petition to determine 'if the petitioner has made a prima facie showing that petitioner falls within the provisions of this section.' " (*Lewis*, at p. 962, quoting former § 1170.95, subd. (c).) The Supreme Court described the process: "[A] complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one . . . prima facie determination." (*Lewis*, at p. 966.) If the defendant makes a prima facie

5

showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d)(3).)

## B. Analysis

Radloff and the Attorney General agree that the law requires a court to consider whether a petitioner makes a prima facie showing of eligibility for relief only after appointment of counsel and briefing occur. (§ 1172.6, subds. (b), (c); *Lewis*, *supra*, 11 Cal.5th at p. 957.) They agree that did not occur here because the court did not consider briefing before denying the petition.[2] However, they dispute whether this error was prejudicial. (*People v. Watson* (1956) 46 Cal.2d 818.) Thus, we consider whether it is reasonably probable Radloff would have obtained a more favorable outcome if the court had received briefing from the parties. (*Lewis*, at pp. 973-974.)

Radloff's trial occurred after the amendments to the felony murder law were effective, and the jury instructions reflected the requirements of the new law. For instance, the court instructed the jury that to convict Radloff of murder as an aider and abettor, the jury must find beyond a reasonable doubt that she either acted with the intent to kill or that she was a major participant who acted with reckless indifference to human life. In connection with whether Radloff was a major participant in the underlying robbery, the instructions directed the jury to consider her role in the robbery, her role in supplying or using lethal weapons, her awareness as to the dangers posed by the nature of the crime, any weapons used, Radloff's past experience with the perpetrator, Radloff's presence at the killing, whether Radloff was in a position to facilitate or prevent the murder, Radloff's own actions or inaction

---

[2]    Although the court did not appoint Radloff counsel when she filed the petition, as it should have, the court did appoint counsel before the hearing, in which the attorney represented Radloff.

and whether either played a particular role in the victim's death, and her actions after lethal force was used. (See *Banks*, *supra*, 61 Cal.4th at p. 803.) With regard to whether Radloff acted with a reckless indifference to human life, the instructions directed the jury to consider if she knowingly engaged in criminal activity that she knew involved a grave risk of death and whether Radloff "actually kn[e]w that under the circumstances[,] the crime in which . . . she . . . participat[ed] carrie[d] a higher probability of death than normally attends the commission of such a crime." (See *Clark*, *supra*, 63 Cal.4th at pp. 618-623.)

Radloff argues that *Scoggins* changed the law by clarifying that reckless indifference has both objective and subjective elements. She contends that because the instructions used at her trial did not explicitly reference "objective" and "subjective" intent or tell the jury how to assess those requirements, it is "unclear whether the jury engaged in a complete and proper analysis of the requirements necessary to find her guilty." In other words, Radloff contends that she is not sure *on which* of those factors the jury based its decision. But this does not tell us how the court's failure to review briefing prejudiced her. Radloff's attorney told the court about the *Scoggins* case, so the court heard that information before concluding Radloff was ineligible for relief.

Additionally, Radloff's argument essentially challenges the correctness of the jury instructions because she contends the jury did not have the necessary information to properly assess recklessness. That is a claim of trial error (see, e.g., *People v. Hendrix* (2022) 13 Cal.5th 933, 941 [discussing instructional error as error at trial]), and section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

7

To meet her burden, Radloff must be able to make a prima facie showing that all the components of section 1172.6, subdivision (a) apply. Because she was convicted after section 1172.6 became effective in 2019, she cannot show that she could not be convicted of murder "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3)). Thus, she does not show it is reasonably probable she would have obtained a more favorable outcome if the court had received briefing from the parties.

DISPOSITION

The order is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

8